IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

GIB'S DISTRIBUTION LLC,

       Plaintiff,

v.

GIBSON'S BEARD CARE LLC,

       Defendant.

---

## COMPLAINT

---

Plaintiff Gib's Distribution LLC, dba Gib's Grooming ("Gib's"), through its attorneys, brings this action against Defendant Gibson's Beard Care LLC ("Gibson's"), and alleges as follows:

## NATURE OF ACTION

Gib's brings this action for trademark infringement, trade dress infringement, and unfair competition based on Defendant's recent wholesale reproduction of distinctive elements of the Gib's product line, including willful exploitation of Gib's intellectual property rights. Gib's brings claims for trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law of the State of Colorado, trade dress infringement in violation of 15 U.S.C. § 1125(a) and the common law of the State of Colorado, unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of

the State of Colorado, and deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. 6-1-101 *et seq.*

## PARTIES

1. Gib's is a limited liability company formed under the laws of the State of Colorado with its principal place of business at 110 N. College Avenue, Suite 4, Fort Collins, CO 80524. Gib's is a leader in creating health and beauty products targeted to male consumers, including beard and mustache grooming and shaving products.

2. Upon information and belief, Defendant Gibson's Beard Care LLC is a limited liability company formed under the laws of the State of Nevada with its principal place of business at 272 Quail Ranch Dr., Henderson, NV 89015.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. This Court has supplemental jurisdiction over the remaining claims asserted in this Complaint pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from a common nucleus of operative facts.

5. Defendant Gibson's is a manufacturer and distributor of men's health and beauty products. Upon information and belief, Gibson's has continuous and systematic general business contacts with the State of Colorado. In particular, Gibson's operates a fully interactive website (www.gibsonsbeardcare.com) from which it conducts business,

offers for sale, and sells products in this district. Gibson's has sold infringing goods to consumers in this District. In addition, the effects of Gibson's unlawful actions are felt by Gib's in Colorado. Thus, this Court has both general and specific personal jurisdiction over Defendant Gibson's.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to the claim occurred in this judicial district.

### **PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS**

7. Gib's incorporates by reference each and every allegation in the preceding paragraphs.

8. Gib's is a Colorado business headquartered in Fort Collins, Colorado. Gib's sells health and beauty products targeted to male consumers, including beard, hair and tattoo oil, body wash, texture hair spray, shave gel, moustache and Mohawk glue, bar soap, razors, and beard balm-aid.

9. Gib's uses the term GIBS in connection with the sale and promotion of its men's health and beauty product line.

10. Gib's owns the following federal trademark registrations:

(a) U.S. Trademark Registration No. 4839784 for the mark GIBS in connection with "personal grooming products for men, namely, cosmetic hair and skin care preparations," which was first used in commerce at least as early as April 1, 2014.

(b) U.S. Trademark Registration No. 4839783 for the mark GIBS GUYS INTO BEARD STUFF and design in connection with "personal grooming

products for men, namely, hair and skin care preparations," which was first used in commerce at least as early as March 1, 2014 (collectively, the "Gib's Marks").

11. Gib's also owns common law trade dress rights in the design, look and feel, and overall commercial impression of its entire men's health and beauty product line by virtue of its continuous use of the trade dress in commerce since at least as early as April 1, 2014.

12. Of particular relevance here, Gib's owns common law trade dress rights in the design, look and feel, and overall commercial impression of its beard, hair, and tattoo oil product packaging, depicted below, by virtue of its continuous use of the trade dress in commerce since at least as early as April 1, 2014 ("Gib's Trade Dress").



13. Representative elements of Gib's Trade Dress include, without limitation: (1) a black, PETE 1 fluid ounce plastic bottle; (2) a silicon cosmetic pump; (3) a clear lid; (4) a grunge texture imposed on a bright color background; (5) the Gib's design mark; (6) irreverent or edgy product names; and (7) a black and white color scheme for product names.

14. Upon information and belief, Gib's packaging is unique because it departs from the industry standard beard oil product packaging, which consists of a glass bottle with dropper caps or orifice reducers.

15. The Gib's Trade Dress is distinctive and nonfunctional.

16. Gib's Marks and Trade Dress are used extensively in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Gib's personal grooming products for men.

17. Through widespread use, the Gib's Marks and Trade Dress are widely recognized by the public as source identifiers for Plaintiff's goods and have developed extensive goodwill in the market.

18. Over the past two years, Gib's has invested substantial time, money, and effort in developing consumer recognition and awareness of the Gib's Marks and Trade Dress. As part of its brand investment, Gib's advertises and promotes its goods sold under the Gib's Marks and Trade Dress through tradeshows, magazines, websites, point-of-sale displays, and social media sites nationwide.

19. Accordingly, in the light of all these facts, the Gib's Marks and Trade Dress are strong marks that are entitled to a wide scope of protection.

**DEFENDANT'S UNLAWFUL ACTS**

20. Gibson's is a manufacturer and seller of health and beauty products targeted to male consumers, including beard oil, body wash, and beard balm.

21. Gib's and Gibson's are competitors or potential competitors.

22. Gibson's uses the mark GIBSON'S in connection with the promotion and sale of its men's health and beauty product line.

23. Gibson's also uses product packaging that is confusingly similar to Gib's Trade Dress in connection with the promotion and sale of its men's health and beauty product line. An illustrative picture is depicted below.



24. Gibson's sells beard oil in product packaging that has the same design and look and feel as the Gib's Trade Dress. Specifically, Gibson's uses a 1 fluid ounce black PETE bottle with a silicon cosmetic pump and clear lid; irreverent or edgy product names; a grunge texture background; and a black and white color scheme for its

6

products names.  A side-by-side comparison of Gib's and Gibson's beard oil products is depicted below.



25.     The term GIBSON'S is similar in sight, sound, and meaning to the Gib's Marks.

26.     The goods that Gibson's markets, promotes, and sells under the term GIBSON'S using trade dress pictured above (the "Infringing Trade Dress") are identical to Plaintiff's goods marketed under the Gib's Marks and Trade Dress.

27.     Gibson's advertises and markets its men's health and beauty product line under the term GIBSON'S and the Infringing Trade Dress in the same way, and through similar channels of trade, that Plaintiff's goods are advertised and marketed under the Gib's Marks and Trade Dress.

28. Upon information and belief, Gibson's deliberately chose to use the term GIBSON'S and the Infringing Trade Dress in connection with its men's health and beauty products in order to trade on Plaintiff's established goodwill in the relevant market.

29. Upon information and belief, Gibson's deliberately chose the term GIBSON'S and the Infringing Trade Dress in bad faith and with a willful disregard for Plaintiff's trademark and trade dress rights.

30. Gibson's unauthorized use the term GIBSON'S and the Infringing Trade Dress is likely to result in consumer confusion regarding the source and affiliation of Gibson's products with Gib's products.

31. Gibson's unauthorized use of the term GIBSON'S and the Infringing Trade Dress is likely to continue to create confusion with Plaintiff's Gib's Marks and Trade Dress as to the source of Defendant's goods.

32. Use of the term GIBSON'S and the Infringing Trade Dress creates the impression that Defendant is somehow related to, connected, associated, or affiliated with, or endorsed by Plaintiff.

33. Gib's has been injured, and will continue to be injured, in the course of its business as a result of the use of the term GIBSON'S and the Infringing Trade Dress unless Defendant is enjoined by the Court.

## FIRST CAUSE OF ACTION
**(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)**

34.   Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

35.   The term GIBSON'S as used by Defendant in connection with the offering, advertising, and promotion of Defendant's men's health and beauty products is confusingly similar to the Plaintiff's Gib's Marks.

36.   The continued use of the term GIBSON'S is likely to cause confusion or mistake, or to deceive consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods/services provided by Defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendant is connected or otherwise associated with Plaintiff.

37.   The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be proved at trial.

38.   The conduct complained of herein constitutes a violation of 15 U.S.C. § 1114, and has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**(False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

39.   The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

40.   The use of the term GIBSON'S in connection with the offering, advertising,

promoting, and provision of Defendant's men health and beauty products is likely to cause confusion or mistake, or to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendant is connected or otherwise associated with Plaintiff.

41. The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be determined at trial.

42. On information and belief, Defendant did the aforesaid acts with knowledge and in willful disregard of Plaintiff's rights therein.

43. The conduct complained of herein constitutes a violation of 15 U.S.C. § 1125(a), and has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
#### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

44. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein

45. Under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff is entitled to legal protection of its trade dress, including but not limited to the overall impression, look and feel, and design of the Gib's beard oil bottle, and the total visual image by which Gib's beard oil is presented to consumers.

46. Gibson's has so closely imitated and/or copied the Gib's Trade Dress,

particularly its shape, packaging design, product names, and color scheme that the consuming public has been confused, and is likely to continue to be confused, as to the source or origin of Gibson's products and is likely to erroneously believe that Gibson's products were made by, sponsored by, affiliated with, or licensed from Plaintiff.

47. Gibson's has been producing, distributing, advertising, and selling products that are confusingly similar in appearance to Gib's products.

48. Gib's Trade Dress is distinctive and nonfunctional.

49. Gibson's acts of trade dress infringement have caused and will continue to cause damage and injury to Plaintiff.

50. Plaintiff is entitled to an award of damages to compensate it for the injuries and lost profits it has sustained as a result of Gibson's improper conduct.

51. Gibson's acts were intentional, willful, and deliberate.

52. Plaintiff has suffered and continues to suffer irreparable harm as a result of Gibson's acts, and is therefore entitled to a permanent injunction to enjoin Gibson's wrongful conduct, in addition to compensatory damages, enhanced damages, attorneys' fees and interest.

**FOURTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement)**

53. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

54. The use of the mark GIBSON'S in connection with the offering, advertising, promotion, and/or provision of Defendant's men's health and beauty products is confusingly similar to the Gib's Marks.

55. Such use is likely to cause confusion, mistake, and/or deception of relevant consumers and prospective consumers.

56. The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be determined at trial.

57. The conduct complained of herein has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

58. On information and belief, the aforesaid conduct was undertaken willfully with full knowledge Plaintiff's use of the Gib's Marks and with the intention of causing confusion, mistake or deception.

### FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

59. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

60. On information and belief, Defendant's men's health and beauty products have been advertised, promoted, offered, and/or sold in the State of Colorado using the mark GIBSON with full knowledge of Plaintiff's prior use of the Gib's Marks for the same goods and services.

61. Defendant has unfairly competed with Plaintiff by creating the impression among relevant consumers that the goods and services offered by Defendant are licensed by, sponsored by, originated with, and/or are otherwise affiliated with those of Plaintiff, or that the source of the goods/services offered and sold by Defendant using the mark GIBSON is affiliated with or associated with Plaintiff, when Defendant's

goods/services have no connection with or authorization from Plaintiff.

62.     Defendant has misappropriated Plaintiff's valuable goodwill and public recognition of the Gib's Marks, which has been developed over a long period of time by Plaintiff, and Defendant has unlawfully benefited and been unjustly enriched by such activities.

63.     Continued use by Defendant of the mark GIBSON in connection with its goods/services constitutes unfair competition under the common law of the State of Colorado.

64.     This use has injured Plaintiff's business reputation and will cause irreparable harm, damage, and injury to Plaintiff unless restrained or enjoined by the Court.

## SIXTH CLAIM FOR RELIEF
### (Common Law Trade Dress Infringement)

65.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

66.     The use of the Infringing Trade Dress in connection with the offering, advertising, promotion, and/or provision of Defendant's men's health and beauty products is confusingly similar to the Gib's Trade Dress.

67.     Gibson's has so closely imitated and/or copied the Gib's Trade Dress, particularly its shape, packaging design, product names, and color scheme that the consuming public has been confused, and is likely to continue to be confused, as to the source or origin of Gibson's products and is likely to erroneously believe that Gibson's products are made by, sponsored by, affiliated with, or licensed from Plaintiff.

68. Gib's Trade Dress is distinctive and nonfunctional.

69. Gibson's acts of trade dress infringement have caused and will continue to cause damage and injury to Plaintiff.

70. Plaintiff is entitled to an award of damages to compensate it for the injuries and lost profits it has sustained as a result of Gibson's improper conduct.

71. Gibson's acts were intentional, willful, and deliberate.

72. Plaintiff has suffered and continues to suffer irreparable harm as a result of Gibson's acts, and is therefore entitled to a permanent injunction to enjoin Gibson's wrongful conduct, in addition to compensatory damages, enhanced damages, attorneys' fees and interest.

### SEVENTH CLAIM FOR RELIEF
**(Colorado Consumer Protection Act)**

73. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

74. Defendant's activities described herein constitute unfair competition and unfair or deceptive acts and practices in the conduct of its trade and business in violation of C.R.S. § 6-1-101, et seq., including but not limited to § 105(a)(b) and (c).

75. These activities significantly impact the public because Defendant's men's health and beauty products are widely advertised and promoted and sold specifically to Colorado consumers.

76. Plaintiff has been injured in the course of its business as a result of the deceptive trade practices in the form of potential consumer confusion.

77. On information and belief, Defendant's wrongful and deceptive activities

have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in the Gib's Marks and Trade Dress for which Plaintiff has no adequate remedy at law.

78. As a result of the Defendant's violation of the CCPA, Plaintiff is entitled to recover damages under C.R. S. § 6-1-113.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order from this Court:

A. Preliminarily and permanently enjoining Defendant, and its directors, officers, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

1. Any further infringement of Plaintiff's trademark;
2. Any further infringement of Plaintiff's trade dress; and
3. Unfairly competing with Plaintiff;

B. Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty days or entry of final judgment herein, any and all infringing materials, including but not limited to marketing materials, print advertisements, and products used by Defendant that display the term GIBSON and/or the Infringing Trade Dress;

C. For an award of Defendant's profits obtained in the use of the term GIBSON'S and the Infringing Trade Dress;

D. For an award of Plaintiff's damages resulting from the use of the term GIBSON'S and the Infringing Trade Dress;

E. For an award of costs incurred by Plaintiff in this action;

F. Trebling the amount of the award made herein to deter in the future Defendant's willful, intentional, and bad faith conduct;

G. For an award of attorneys' fees, costs, and disbursements incurred in this action based on Defendant's willful, intentional, and bad faith conduct; and

H. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Gib's demands a trial by jury on all issues so triable.

Dated:  December 20, 2016          Respectfully submitted:

*s/Ian L. Saffer*
Ian L. Saffer
Kathryn L. Bohmann
Swanson & Bratschun, LLC
8210 Southpark Terrace
Littleton, CO 80120
(303) 268-0066
(303) 268-0065 (facsimile)
ISaffer@sbiplaw.com
KBohmann@sbiplaw.com

*Attorneys for Plaintiff Gib's Distribution LLC*